UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRITTANI TANNER** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 24-1646** |
| **ADAM BORDEN, ET AL.** | **SECTION: "G"(1)** |

### ORDER AND REASONS

Before the Court is Defendants Adam Borden and the United States Department of Homeland Security d/b/a Federal Emergency Management Agency (collectively "Defendants") Motion to Dismiss.[1] Plaintiff, Brittani Turner ("Plaintiff"), brings this action to recover on a negligence claim, under the Federal Tort Claims Act ("FTCA"),[2] for a car accident that occurred on November 22, 2022.[3] Defendants contend that the claims against them should be dismissed for lack of subject matter jurisdiction and the United States of America should be substituted as the sole defendant.[4] To date, Plaintiff has not filed an opposition to the motion. For the reasons set forth below, the Court grants the motion to dismiss the individual named Defendants and substitutes the United States of America as the sole defendant in this matter.

### I. Background

On November 22, 2022, in Jefferson Parish, near the intersection of Crawford Street and Edwards Avenue, Adam Borden ("Borden"), an employee of the Federal Emergency Management Agency ("FEMA"), allegedly failed to yield at a stop sign while attempting a left-hand turn,

---

[1] Rec. Doc. 14.

[2] 28 U.S.C. §§ 1346, *et seq.*

[3] Rec. Doc. 1.

[4] Rec. Doc. 14.

causing a collision with the Plaintiff's vehicle.[5] Plaintiff alleges that she in no way contributed to the cause of the automobile collision.[6] The Complaint states that Borden was acting within the course and scope of his employment with FEMA at the time of the accident.[7] Plaintiff alleges that she suffered various injuries as a result of the accident.[8] Plaintiff contends that Borden's negligence was the proximate cause of this collision and any resulting damage.[9]

Plaintiff submitted two SF 95 claim forms to FEMA on January 2, 2024, and April 2, 2024.[10] Plaintiff's SF 95 claims were officially denied on June 5, 2024.[11] On June 27, 2024, Plaintiff filed a Complaint in this Court. On August 8, 2024, Defendants filed the instant motion to dismiss.[12] To date, Plaintiff has not filed an opposition to the motion.

## II. Defendants' Arguments

Defendants move for dismissal of Plaintiff's claims against them for lack of subject matter jurisdiction.[13] Defendants state that Peter M. Mansfield, the United States Attorney's Civil Division Chief, has certified that Borden was acting within the course and scope of his federal

---

[5] Rec. Doc. 1 at 2.

[6] *Id.* at 3.

[7] *Id.*

[8] *Id.* at 4.

[9] *Id.* at 3–4.

[10] *Id.* at 4.

[11] *Id.*

[12] Rec. Doc. 14.

[13] Rec. Doc. 14 at 1.

duties at the time of the subject accident.[14] For this reason, Defendants contend that any action in this matter would be against the United States of America and not against Borden individually.[15]

Defendants argue that FEMA should also be dismissed because suits brought under the FTCA may only proceed against the United States and not directly against the agency itself.[16] Defendants aver that this Court lacks jurisdiction over the claim brought against them.[17] Defendants contend that this Court should dismiss the claims against them and substitute the United States of America as the sole defendant in this action.

### III. Legal Standard

Motions filed under Federal Rule of Civil Procedure 12(b)(1) allow a party to challenge the subject matter jurisdiction of the district court to hear a case.[18] Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.[19]

The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction.[20] Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist.[21]

---

[14] Rec. Doc. 14-1 at 2.

[15] *Id.*

[16] *Id.*

[17] *Id.* at 3.

[18] Fed. R. Civ. P. 12(b)(1).

[19] *Barrera Montenegro v. United States,* 74 F.3d 657, 659 (5th Cir. 1996).

[20] *McDaniel v. United States,* 899 F.Supp. 305, 307 (E.D. Tex. 1995).

[21] *Menchaca v. Chrysler Credit Corp.,* 613 F.2d 507, 511 (5th Cir. 1980).

## IV. Analysis

Plaintiff brings claims against Borden and FEMA under the FTCA.[22] Assistant United States Attorney, Peter Mansfield, acting under authority of the Attorney General, certified that Borden was in fact "acting within the scope of his FTCA-covered employment at the time of the subject accident that occurred on November 22,2022, as alleged in Plaintiff's Complaint."[23]

Under the FTCA, the United States of America must be the sole defendant in civil actions against government employees for claims that arise from acts committed within the scope of their office or employment.[24] Suing the United States of America for tort claims arising from the actions of government agencies or employees is the exclusive remedy for the claimant, in accordance with the FTCA.[25] Therefore, upon certification by the Attorney General that the employee was acting with in the course and scope of his employment, the FTCA prohibits other Defendant parties, such as the federal employee and the federal agency, and only allows the Unites States of America to be the sole Defendant.[26]

In *Galvin v. Occupational Safety & Health Administration*, the Fifth Circuit found that the district court lacked subject matter jurisdiction over any claim against the Occupational Safety and Health Administration because the United States of America was the proper defendant under the FTCA.[27] In *Allen v. United States*, this Court found that under the FTCA "Plaintiff's claims are

---

[22] Rec. Doc. 1 at 2, 4.

[23] Rec. Doc. 14-1 at 2; Rec. Doc. 14-2.

[24] 28 U.S.C. §§ 2674, 2679 (b)(1); *Atorie Air, Inc. v. Fed. Aviation Admin.*, 942 F.2d 954, 957 (5th Cir. 1991)("All suits brought under the FTCA must be brought against the United States.").

[25] 28 U.S.C. §§ 2676, 2679(a), 2679(d)(1); *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988)([A] suit against the United States under the FTCA is the exclusive remedy for tort claims arising from the actions of government agencies or employees.).

[26] 28 U.S.C. §§ 1346(b)(1), 2674, 2676, 2679(a), 2679(b)(1), 2679(d)(1); *Galvin*, 860 F.2d at 183.

[27] *Galvin*, 860 F.2d at 183.

only properly brought against the United States," not the federal agencies.[28] Similarly, in *Vance v. United States DOL*, a pro se litigant attempted to bring a FTCA claim against the Department of Labor and the Postal Inspection Service, rather than the United States of America.[29] Again, the Fifth Circuit held that the court lacked subject matter jurisdiction because the plaintiff should have sued the United States of America as the sole defendant, not the federal agencies.[30]

Because Plaintiff is asserting a claim pursuant to the FTCA, the United States of America must be the sole defendant named in this matter. Plaintiff erroneously names Adam Borden and United States Department of Homeland Security as Defendants. As such, the claims against Adam Borden and the United States Department of Homeland Security are dismissed for lack of subject matter jurisdiction.[31]

---

[28] *Allen v. United States*, No. 19-682, 2019 U.S. Dist. LEXIS 140820, at *11 (E.D. La. Aug. 19, 2019) (Brown, C.J.).

[29] *Vance v. United States DOL*, 813 F. App'x 984, 984 (5th Cir. 2020).

[30] *Id.*

[31] 28 U.S.C. § 2679 (d)(1); *Atorie Air, Inc.*, 942 F.2d at 957.

## V. Conclusion

For the reasons stated herein, the Court finds that it lacks subject matter jurisdiction over any claims brought against Adam Borden and the United States Department of Homeland Security pursuant to the FTCA. Accordingly,

**IT IS HEREBY ORDERED** that the motion is **GRANTED**. The claims against Defendants Adam Borden and the United States Department of Homeland Security d/b/a Federal Emergency Management Agency are **DISMISSED** for lack of jurisdiction.

**IT IS FURTHER ORDERED** that the United States of America be substituted as the sole defendant in this matter.

**NEW ORLEANS, LOUISIANA**, this __9th__ day of October, 2024.

_____
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**